IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ANDREA JANE FLUKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00259-DGK |
| MARTIN J. O'MALLEY,<br>Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Andrea Jane Fluke's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative disc disease of the cervical spine, osteoarthritis and degenerative disc disease of the lumbar spine, a history of arthroscopy of the bilateral knees, obesity, and plantar fasciitis, but she retained the residual functional capacity ("RFC") to perform a range of sedentary work with certain restrictions. The ALJ ultimately found Plaintiff could perform her past relevant work as an office manager.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on October 26, 2020, alleging a disability onset date of April 1, 2019. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held an initial hearing on January 10, 2022, and a supplemental hearing on May 10, 2022, to hear the medical opinion of Samuel Berman, M.D. On May 26, 2022, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 24, 2023, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the Step Four and Five findings. Plaintiff argues the ALJ erred by: (1) failing to properly evaluate Dr. Berman's medical opinion; and (2) failing to resolve a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff's arguments are unpersuasive.

**I.      The ALJ properly evaluated Dr. Berman's medical opinion.**

At Step Four, Plaintiff argues the ALJ erred in evaluating Dr. Berman's medical opinion: (1) by failing to properly evaluate the "supportability" factor; and (2) because her rejection of Dr. Berman's opinion regarding Plaintiff's RFC is not supported by substantial evidence. The Commissioner contends the ALJ properly evaluated Dr. Berman's medical opinion.

**a.      The ALJ properly evaluated the "supportability" factor.**

Plaintiff argues the ALJ failed to properly evaluate the "supportability" factor as required by 20 C.F.R. § 404.1520c when she dismissed Dr. Berman's medical opinion that Plaintiff's impairments equaled Listing 1.18. The Commissioner disagrees.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The regulations require the ALJ to focus on the persuasiveness of a medical opinion using the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)–(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both of those factors are considered. 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor).

Regarding Dr. Berman's medical opinion that Plaintiff's impairments equaled Listing 1.18, the ALJ stated the following:

> This is not persuasive. It is not supported by Dr. Berman's testimony or answers to the undersigned's questions for clarification. It is also wholly inconsistent with the record.
>
> Other than claimant's history of bilateral knee surgeries, the record barely reflected a Listing 1.18 type of impairment. Claimant did not require the use of an assistive device for ambulation, there were many normal examinations, and she was able to perform a variety of activities inconsistent with meeting a listing level of impairments.

R. at 21–22. Although the ALJ's statement did not contain direct citations to the record, it followed her detailed discussion of Plaintiff's medical history and daily activities. *See* R. at 17–20. That prior discussion demonstrates consistency and supportability. *See Brewster v. Kijakazi*, No. 20-CV-00771-DGK, 2022 WL 385508, at *3 (W.D. Mo. Feb. 8, 2022) (finding the ALJ properly explained factors by stating the opinion was "supported internally by explanation and the inclusion of findings from the record" and was consistent with the evidence as a whole). While the ALJ could have written more, "an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks omitted). In this case, the

4

ALJ's decision is clearly supported by substantial evidence in the record. For example, Listing 1.18 requires, in part, an "[i]mpairment-related physical limitation of musculoskeletal functioning" requiring either a "documented medical need" for an assistive device or "[a]n inability to use *both* upper extremities." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, § 1.18(D). The record indicates Plaintiff never had a documented medical need for an assistive device and had good use of her upper extremities. *See, e.g.*, R. at 53, 60, 394, 404, 445.

Accordingly, there is no error.

### b. The ALJ's decision to reject a portion of Dr. Berman's RFC assessment is supported by substantial evidence.

Plaintiff argues the ALJ erred when she did not incorporate Dr. Berman's limitation that Plaintiff would miss two days of work per month into the final RFC determination. Specifically, Plaintiff argues the ALJ's rejection of this limitation is not supported by substantial evidence.

The ALJ rejected Dr. Bermans opinion stating:

> Dr. Berman's testimony regarding missed work is beyond the scope of his expertise, because it is a subjective statement; and there is no objective evidence to support missing work twice per month. Specifically, there is no evidence in the record indicating that claimant had missed work due to her impairments.

R. at 22. Plaintiff identifies no evidence in the record supporting Dr. Berman's testimony regarding missed work. Plaintiff points only to an Employer Questionnaire indicating "she needed flexible hours/days and started working from home more often." R. at 310; Pl.'s Brief at 12. But, as the ALJ found, this does not establish Plaintiff missed work because of her impairments. *See* R. at 22; *see also* R. at 20 (finding Plaintiff "stopped working to take care of her father's estate, not due to her impairments"). Simply, Plaintiff did not carry her burden, and the ALJ's decision is supported by substantial evidence on the record as a whole.

Accordingly, the ALJ did not err at Step Four.

5

## II. There is no conflict between the VE's testimony and the DOT.

At Step Five, Plaintiff argues the ALJ erred when she failed to resolve an apparent conflict between the VE's testimony and the DOT. Specifically, Plaintiff claims the ALJ's RFC, which limited Plaintiff to walking "for 1 hour out of 8 hours," was inconsistent with the VE's testimony that Plaintiff could perform past relevant work as an office manager because sedentary positions "generally requires the ability to stand or walk up to two hours per day—twice what was permitted by the ALJ's assessed RFC." R. at 16; Pl.'s Brief at 13, ECF No. 14.

Plaintiff's argument is unpersuasive. Under Social Security Ruling ("SSR") 00-4p, before an ALJ can rely on VE testimony, they "must identify and obtain a reasonable explanation for any conflicts between such evidence and the DOT." *Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1003 (8th Cir. 2018) (cleaned up). But there is no conflict here. The job of office manger is a sedentary position where "walking and standing are required only occasionally." Office Manager, DOT 169.167-034, 1991 WL 647430, at *5; *see also* 20 C.F.R. § 404.1567(a) (same). Although neither DOT 169.167-034 nor 20 C.F.R. § 404.1567(a) define the word "occasionally" in the context of a sedentary RFC, SSR 83-10 addresses the maximum standing and walking requirements for each exertional level. *See* 1983 WL 31251, at *5; *see also* 20 C.F.R. § 402.35(b)(2) (stating SSR's "are binding on all components of the Social Security Administration"). In the context of sedentary positions, SSR 83-10 defines "occasionally" as periods of standing or walking that "generally total *no more than* about 2 hours of an 8-hour workday." WL 31251, at *5 (emphasis added); *see also* SSR 96-9p, 1996 WL 374185, at *3 (stating the same). That is, the two-hour threshold Plaintiff claims is inconsistent with the assessed RFC, serves as the ceiling not the floor for sedentary positions. Further, SSR 96-9p indicates sedentary work encompasses the ability "to stand and walk in between the slightly less than 2 hours and only a few minutes." *See* 1996 WL 374185, at *5. Because the ALJ's hypothetical

6

included Plaintiff's one hour standing limitation which is within the range of sedentary work, there is no inconsistency that required further inquiry by the ALJ.

Accordingly, the ALJ did not err at Step Five.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 5, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT